UNITED STATES COURT OF APPEALS
**Filed 8/19/96**
FOR THE TENTH CIRCUIT

LANCE REGAN GILNER,

      Plaintiff-Appellant,

v.

COLORADO DEPARTMENT OF
CORRECTIONS; DRILL
INSTRUCTOR OSWALD, Drill
Instructor; JOHN DOE; RICHARD
ROE; JOHN DOE II,

      Defendants-Appellees.

No. 95-1443
(D.C. No. 95-S-265)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before PORFILIO, BRIGHT,[**] and KELLY, Circuit Judges.

      After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable Myron H. Bright, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

this appeal. <u>See</u> Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff is an inmate serving a sentence at a facility operated by the Colorado Department of Corrections. While eating in the facility's mess hall, plaintiff began choking on some food. Defendant Oswald, a drill instructor at the facility, performed the Heimlich maneuver on plaintiff, but was unable to dislodge the food. She enlisted the aid of a nearby inmate who successfully performed the maneuver and dislodged the food. Plaintiff brought this 42 U.S.C. § 1983 action alleging defendant Oswald was deliberately indifferent to his medical needs because she sought assistance from the inmate rather than from the two unidentified defendant staff members who were also present in the mess hall. He also alleged that the defendant staff members were deliberately indifferent for their failure to come to his assistance and that their unidentified supervisor was liable for failure to train and supervise.

Adopting the recommendation of the magistrate judge in relevant part, the district court granted defendants' motion for summary judgment and dismissed the case. The district court held that defendant Department of Corrections was entitled to Eleventh Amendment immunity, that there was no evidence defendant Oswald acted with deliberate indifference to plaintiff's medical needs, that

defendant Oswald was entitled to qualified immunity, and that the Federal Rules of Civil Procedure did not allow suit against unidentified parties.

We review a grant of summary judgment de novo. <u>Wolf v. Prudential Ins. Co.</u>, 50 F.3d 793, 796 (10th Cir. 1995). We agree with the district court that the Department of Corrections is immune from suit and that there is no evidence that Oswald--or any other defendant--was deliberately indifferent to plaintiff's medical needs. <u>See</u> <u>United States v. Sandoval</u>, 29 F.3d 537, 542 n.6 (10th Cir. 1994)(appellate court may affirm district court decision on any ground supported by the record). Therefore, the judgment of the United States District Court for the District of Colorado is AFFIRMED.

The mandate shall issue forthwith.

Entered for the Court

John C. Porfilio
Circuit Judge